UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREAT LAKES REINSURANCE (UK) PLC

    Plaintiff,

v.                                             Case No.: 8:06-cv-02216-T-24-TBM

JANICE ZIELINSKI, and
JAMES MARTIN,

    Defendants.

_____/

## **ORDER**

    This cause comes before the Court on Defendants Janice Zielinski and James Martin's Amended Motion to Dismiss Complaint for Declaratory Judgment, or Alternatively to Stay Declaratory Judgment Action. (Doc. No. 13.) Plaintiff Great Lakes Reinsurance (UK) PLC opposes the motion. (Doc. No. 15.)

**I.**    **Background**

    Plaintiff, a marine insurer, brought this admiralty and maritime suit pursuant to Rule 9(h) of the Federal Rules of Civil Procedure for declaratory relief against Defendants, a married couple who are Plaintiff's insured. On or about July 10, 2006, Defendants submitted an application for a marine insurance policy to Plaintiff through their insurance broker. (Pl.'s Am. Compl. at ¶ 6; Ex. A.) Plaintiff agreed to issue the policy to Defendants based on the information provided in the application. (*Id.* at ¶ 8; Ex. B) The policy covered the marine vessel "Dolphin II Dolphin" for $285,000 and listed Defendant Zielinski as the insured. (*Id.* at ¶ 9; Ex. B).

On August 10, 2006, while the policy was in effect, the "Dolphin II Dolphin" struck a submerged obstacle and sustained extensive damage. (*Id.* at ¶ 11.) Plaintiff investigated the incident and discovered that Defendants' application for insurance contained material false information concerning the nautical experience of both Zielinski and Martin. (*Id.* at ¶ 12.) Defendants thereafter made a claim against Plaintiff under the terms of the insurance policy, demanding either the full price for repair of the vessel or a declaration that the vessel is a constructive total loss. (*Id.* at ¶ 13)

On November 29, 2006, Plaintiff filed this suit for a declaratory judgment that the marine insurance policy issued to Defendants is void due to the material misrepresentations contained therein. (Doc. No. 1.) Thereafter, on December 14, 2006, Defendants filed a four-count complaint in the Florida Circuit Court of the Thirteenth Judicial Circuit in Hillsborough County, arising from the same incident that forms the basis of the instant action. (Doc. No. 13, Ex. E.) In the state suit, Defendants sued Plaintiff and other insurance agents and brokers for breach of contract and professional malpractice. (*Id.*)

**II.   Discussion**

Defendants now move the Court to decline to exercise its jurisdiction to consider this action for declaratory judgment because the central issue–whether the insurance policy is void due to alleged misrepresentations contained in the application for insurance–will be adjudicated in the pending state court action. Alternatively, they argue that the Court should stay this action pending resolution of the state court action.

Plaintiff argues that the Court should retain jurisdiction over this action because it

requires application of the federal admiralty law principle of *uberimmae fidei*.[1]  Furthermore, Plaintiff argues that Defendants' ancillary claims against other insurance agents and brokers for professional malpractice easily can be included in this federal admiralty action.

Pursuant to 28 U.S.C. § 2201(a), a district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  The Declaratory Judgment Act "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S. Ct. 2137, 2142, 132 L. Ed. 2d 214 (1995).  However, "[i]t only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005).  While district courts may not decline to hear actions for declaratory relief "on the basis of whim or personal disinclination," the standard is clearly generous.  *Angora v. Condo. Ass'n of Lakeside Village, Inc.*, 796 F.2d 384, 387 (11th Cir. 1986).

"Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."  *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495, 62 S. Ct. 1173, 1175-76 86 L. Ed. 1620 (1942).  In determining whether to exercise jurisdiction, the district courts must "[i]nquir[e] into the scope of the pending state court proceeding and the nature of the defenses open there."  *Id.*  In doing so, the district court

---

[1]The doctrine of "[u]berrimae fidei requires that an insured fully and voluntarily disclose to the insurer all facts material to a calculation of the insurance risk." *HIH Marine Servs. v. Fraser,* 211 F.3d 1359, 1362 (11th Cir. 2000).  Under the doctrine, "a material misrepresentation on an application for marine insurance is grounds for voiding the policy."  *Id.*

considers "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." *Id.*

Applying these guidelines to the facts of the case, the Court concludes that this Court is the proper forum for the litigation of this entire dispute, including Defendants' additional claims against their insurance agents and brokers for submitting the insurance application that contained misrepresentations of fact. The central issue in this litigation rests upon the application of the federal admiralty principle of *uberrimae fidei,* rather than on any issue of Florida state law, and thus the federal court is the proper forum for this litigation. Furthermore, Defendants could assert a third-party complaint against their insurance agents and brokers in this Court, if they desire.[2] Finally, Defendants did not file their state court action until after instant action was filed. "[S]ince the federal action was filed first, a refusal to exercise the declaratory judgment jurisdiction this court clearly possesses would promote forum shopping . . ." *Albany Ins. Co. v. Jones*, 1996 A.M.C. 2453, 2455 (D. Ala. 1996) (refusing to dismiss or stay a federal declaratory judgment action filed by underwriters seeking to void a marine insurance policy because the federal action was filed before the state action).

**III. Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment, or Alternatively to Stay the Declaratory Judgment (Doc. No. 13) is **DENIED.**

---

[2]The deadline for asserting third-party claims expired in this case on June 6, 2007. The Court, however, will consider extending that deadline upon a proper motion filed by Defendants.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of July, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of record